UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

James H. Smith and Cynthia R. Brown-Smith,

       Plaintiffs,

v.

Bank of America Corp., Bank of America Home Loans, and BAC Home Loans Servicing, LP,

       Defendants.
                              /

Case No. 10-14161

Honorable Nancy G. Edmunds

**OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS [6]**

This matter is before the Court on Defendants' motion to dismiss Plaintiffs James H. Smith's and Cynthia R. Brown-Smith's complaint. The issue the Court is called upon to decide is whether Plaintiffs' complaint, mainly based upon an alleged fraud perpetrated by Defendants, has alleged facts sufficient enough to withstand a motion to dismiss. Because the Court finds that Plaintiffs have not stated their fraud claims and claims sounding in fraud with particularity as required by Federal Rule of Civil Procedure 9(b) and have not stated facts sufficient to support their other claims, the Court GRANTS Defendants' motion.

**I.    Facts**

    **A. Plaintiffs' complaint**

On September 16, 2010, Plaintiffs James H. Smith and Cynthia R. Brown-Smith filed a complaint against Defendants Bank of America Corporation, Bank of American Home

Loans, and BAC Home Loans Servicing LP in Wayne County Circuit Court. (Compl.) On October 18, 2010, Defendants removed the action to this Court.

Plaintiffs have filed their complaint based upon Defendants' alleged failure to modify a home loan that resulted in Plaintiffs' property's foreclosure sale. They seek legal title to the property, damages, attorneys' fees and costs, and other relief as the Court determines proper. In their complaint, they have asserted several counts from which they believe they are entitled to the relief that they have requested. These counts are: (1) quiet title; (2) unjust enrichment; (3) innocent/negligent misrepresentation; (4) fraud, based upon silent fraud and bad faith promises; (5) constructive trust; and (6) breach of Michigan Compiled Law § 600.3205. In their response to Defendants' motion to dismiss, Plaintiffs assert additional causes of action based upon (7) implied breach of contract/promissory estoppel and (8) intentional misrepresentation.[1]

### B. The parties

Plaintiffs are residents of Michigan. Defendant Bank of America Corporation is a Delaware corporation with its principal place of business in North Carolina. (Notice of Removal ¶ 6.) Defendant BAC Home Loans Servicing LP is a Texas limited partnership with its principal place of business in Texas. (*Id.* ¶ 7.) Defendants state that named defendant Bank of America Home Loans is not a legal entity, and therefore not properly a defendant in this action. (*Id.* n 1.)

### C. Relevant facts

---

[1] The Court addresses these claims to show that even if the Court were to grant leave to amend the complaint, these claims would be futile.

On September 25, 2002, Plaintiff James H. Smith obtained a loan from non-party Community Central to purchase property located at 8450 Pierson St., in Detroit, Michigan. (Compl. ¶ 7; Defs.' Mot. to Dismiss, Ex. A.) To secure the loan, Plaintiff James H. Smith granted a mortgage on the property to non-party Mortgage Electronic Registration Systems, Inc. (Defs.' Mot. to Dismiss, Ex. B.) Defendant BAC Home Loans Servicing, LP became the servicer of the loan. (Defs. Mot. to Dismiss at 1.)

In June, 2009, Plaintiffs began experiencing financial difficulties. (Compl. ¶ 8.) Because of these difficulties, they contacted Defendants to apply for a modification to the loan for their property. (Compl. ¶ 8.) Plaintiffs allege that Defendants were receptive to Plaintiffs' requested loan modification. (Compl. ¶ 9.) Plaintiffs stated that they sent Defendants the required loan modification documents. (Compl. ¶ 10.) After sending the documents in, Plaintiffs allege that Defendants assured them that Defendants would reschedule the foreclosure sale so that Plaintiffs would not lose their home. (Compl. ¶ 11.) But despite their effort to modify the loan, Plaintiffs allege that Defendants went forward with the sale and sold Plaintiffs' property without notifying Plaintiffs. (Compl. ¶ 12.)

In November, 2009, BAC began foreclosure proceedings. (Defs.' Mot. to Dismiss, Ex. C.) Defendants state that they complied with the required notice. (*Id.*)

On January 14, 2010, BAC bought the property at a foreclosure sale. (Defs. Mot. to Dismiss, Ex. D.) The redemption period expired on July 14, 2010, (*Id.*) Plaintiffs did not redeem the property.

During the redemption period, Plaintiffs state that they attempted to continue the loan modification discussions, without success. (Compl. ¶ 13.) Since the redemption period for

the property has expired, Plaintiffs have stated that they fear that Defendants will evict them. (Compl. ¶¶ 14, 15.)

## II.  Rule 12(b)(6) standard of review

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. In a light most favorable to the plaintiff, the court must assume that the plaintiff's factual allegations are true and determine whether the complaint states a valid claim for relief. *See Albright v. Oliver*, 510 U.S. 266 (1994); *Bower v. Fed. Express Corp.*, 96 F.3d 200, 203 (6th Cir. 1996). To survive a Rule 12(b)(6) motion to dismiss, the complaint's "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and emphasis omitted). *See also Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007). "[T]hat a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of all the elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) The court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 1950 (internal quotation marks and citation omitted). Moreover, "[o]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Id.* (internal

quotation marks and citation omitted). Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* In sum, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Id.* at 1949 (internal quotation marks and citation omitted).

## III. Analysis

Defendants' main argument in support of their motion to dismiss is that Michigan's statute of frauds pertaining to financial institutions bars any claims against a financial institution without a writing signed by someone authorized by Defendants. Mich. Comp. Laws § 566.132(2). In their complaint, Plaintiffs do not allege that any writing exists that would satisfy the statute of frauds. But in their response to Defendants' motion, they do make such an allegation.[2]

---

[2]The Court is aware that Plaintiffs' counsel has brought the same claims, making the same arguments ,in this district at least two times before. Both of those courts dismissed all of those plaintiffs' claims based upon the statute of frauds. In *Bingham v. Bank of America, N.A.*, No. 10-11917, 2010 WL 3633925 (E.D. Mich. Sept. 14, 2010) (Cox, J.), the plaintiffs made the exact same claims regarding loan modification as in this case. The court dismissed the plaintiffs' complaint for failure to state a claim because all of the plaintiffs' claims were based upon an alleged oral promise--claims barred by the statute of frauds. In *Williams v. JP Morgan Mortgage Acquisition Corp.*, 09-12106, 2010 WL 1052356 (E.D. Mich. Mar. 19, 2010) (Duggan, J.), the plaintiffs again made almost identical claims regarding the defendant's failure to modify plaintiffs' loan based upon an oral promise. That court addressed the matter on a motion for summary judgment. Although the plaintiffs were able to produce some documents, none of the documents satisfied the statute of

But the Court will dismiss Plaintiffs' complaint because Plaintiffs have failed to meet the pleading standards required by the Federal Rules of Civil Procedure regarding their fraud claims and their claims grounded in fraud. Plaintiffs' other claims also fail because these claims do not state a claim that would entitle them to relief.[3]

---

frauds and the court granted the motion for summary judgment.

[3] At the hearing held on February 9, 2011, the Court asked Plaintiffs' counsel whether he had any documents to satisfy the statute of frauds. Despite making such an allegation in Plaintiffs' response, Plaintiffs' counsel stated that he did not have a document that satisfied the statute of frauds. He stated that he had loan modification documents. He then stated that Plaintiffs' argument is that the statute of frauds does not apply to their case. The Court disagrees. The Court therefore finds dismissal proper based upon the statute of frauds as well. Michigan's statute of frauds provides, in pertinent part, that:

> (2)  An action shall not be brought against a financial institution to enforce any of the following promises or commitments of the financial institution unless the promise or commitment is in writing and signed with an authorized signature by the financial institution
>
> (a)  A promise or commitment to <u>lend money</u>, grant or extend credit, or make any other financial accommodation.
>
> (b)  A promise or commitment to renew, extend, <u>modify</u>, or <u>permit a delay in repayment or performance of a loan</u>, extension of credit, or other financial accommodation.
>
> (c)  A promise or commitment to <u>waive a provision of a loan</u>, extension of credit, or other financial accommodation.
>
> (3)  As used in subsection (2), "financial institution" means a state or national chartered bank, a state or federal chartered savings bank or savings and loan association, a state or federal chartered credit union, a person licensed or registered under the mortgage brokers, lenders, and servicers licensing act, Act No. 173 of the Public Acts of 1987, being sections 445.1651 to 445.1683 of the Michigan Compiled Laws, or Act No. 125 of the Public Acts of 1981, being sections 493.51 to 493.81 of the Michigan Compiled Laws, or an affiliate or subsidiary thereof.

Michigan courts have interpreted this provision liberally. *See Crown Tech. Park v. D&N Bank, FSB*, 619 N.W.2d 66, 72 (Mich. Ct. App. 2000). (holding that Mich. Comp. Laws §

**A. Plaintiffs' fraud claims**

Plaintiffs' fraud claims fail because they do not meet the particularity requirements necessary to sustain a claim. To meet the particularity requirements of Federal Rule of Civil Procedure 9(b), Plaintiffs must "(1) specify the statements that [Plaintiffs] contend[] were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Frank v. Dana Corp.*, 547 F.3d 564, 569-70 (6th Cir. 2008) (internal quotation marks and citation omitted). At a minimum, Plaintiffs "must allege the time, place and contents of the misrepresentations upon which they relied." *Id.* Plaintiffs "also must allege facts from which it could be concluded that [their] reliance was reasonable." *Issa v. Provident Funding Group, Inc.*, No. 09-12595, 2010 WL 538298, *5 (E.D. Mich. Feb. 10, 2010) (citing *Novak v. Nationwide Mut. Ins. Co.*, 599 N.W.2d 546, 553-54 (Mich. Ct. App. 1999)). "The threshold test is whether the complaint places the defendant on sufficient notice of the misrepresentation, allowing the defendant[] to answer, addressing in an informed way the [plaintiff's] claim of fraud." *Kashat v. Paramount Bancorp, Inc.*, No. 09-10863, 2010 WL 538295, at *4 (E.D. Mich. Feb. 10, 2010) (citation omitted; alteration in original) (dismissing the plaintiffs' complaint because it did "not contain allegations concerning the time and place of the alleged

---

566.132(2) "preclude[s] *all* actions for . . . promises and commitments, including actions for promissory estoppel." (emphasis in original)). Plaintiffs base the majority of their claims on the argument that Defendants orally promised them that Defendants would modify their loans. Because they have not produced a document to satisfy the statue of frauds, and at the hearing stated that they did not believe that the statute of frauds applied to them, the Court dismisses their claims based on the oral promises based upon the statute of frauds (quiet title, unjust enrichment, innocent/negligent misrepresentation, fraud, based upon silent fraud and bad faith promises; implied breach of contract, and intentional misrepresentation).

misrepresentations" and stating that "[the plaintiffs] cannot merely recite a statute, claim it has been violated, and expect to survive a motion to dismiss."). *See also Ass'n of Cleveland Fire Fighters v. Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007) (citation omitted) (holding that a plaintiff's pleadings must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.") Plaintiffs' allegations fail to meet these requirements.

### 1. Innocent/negligent misrepresentation

Plaintiffs allege a count of innocent or negligent misrepresentation. They do not distinguish the different elements between the two causes of action. "A claim of innocent misrepresentation is shown if a party detrimentally relies upon a false representation in such a manner that the injury suffered by that party inures to the benefit of the party who made the representation." *Unibar Maint. Serv., Inc. v. Saigh*, 769 N.W.2d 911, 919 (Mich. Ct. App. 2009) (citation omitted). For innocent misrepresentation, a plaintiff need not show that the defendant had a fraudulent purpose or intent on the defendant's behalf, or even that the defendant knew that the representation was false. *Id.* (citation omitted.) "A claim for negligent misrepresentation requires [a] plaintiff to prove that a party justifiably relied to his detriment on information prepared without reasonable care by one who owed the relying party a duty of care." *Id.* (citation omitted.)

In support of this claim, they state:

- Defendants made innocent and/or negligent representations of material facts by promising or representing that Defendants would modify the loan so that Plaintiffs could remain in their home.

- Defendants made false representations.

8

- Plaintiffs would not have entered into the loan modification process or short sale had they known that Defendants would not have consummated the loan modification.

These facts cannot withstand a Rule 12(b)(6) motion to dismiss. These facts do not put Defendant on notice as the time, place, or contents of the alleged misrepresentations. Because Plaintiffs do not allege even the bare minimum required under Rule 9(b), this claim fails.

### 2. Fraud, based upon silent fraud and bad faith promises

Plaintiffs also allege a claim of silent fraud. Again, they do not meet the pleading requirements. "[I]n order to prove a claim of silent fraud, a plaintiff must show that some type of representation that was false or misleading was made and that there was a legal or equitable duty of disclosure." *M&D, Inc. v. W.B. McConkey*, 585 N.W.2d 33, 39 (Mich. Ct. App. 1998).

In support of this claim, Plaintiffs state:

- Defendants failed to disclose that they were going forward with the foreclosure.

- Defendants' representations were false, when they were made, as Defendants did not intend to fulfill its obligations to Plaintiffs.

- Plaintiffs relied upon Defendants' assurances, statements, promises and guarantees relating to the loan modification and short sale, and relied upon Defendants' false impressions and representations.

- Defendants' failure to disclose certain facts caused Plaintiffs to have a false impression and Defendants knew, or should have known, that their failure to disclose these pertinent facts would create a false impression upon Plaintiffs.

Here, not only have Plaintiffs not satisfied the fraud pleading requirements, they also have not alleged facts that would support the element that Defendants had a legal or

equitable duty to disclose any supposed misrepresentation. This claim therefore must fail as well.

### 3. Fraudulent misrepresentation

Plaintiffs allege fraudulent, or intentional, misrepresentation in their response. Under Michigan law, the elements of a claim for fraudulent misrepresentation are:

> (1) That defendant made a material misrepresentation; (2) that it was false; (3) that when he made it he knew that it was false, or made it recklessly, without any knowledge of its truth, and as a positive assertion; (4) that he made it with the intention that it should be acted upon by plaintiff; (5) that plaintiff acted in reliance upon it; and (6) that he thereby suffered injury.

*Hi-Way Motor Co. v. Int'l Harvester Co.*, 247 N.W.2d 813, 816 (Mich. 1976) (quoting *Chandler v. Heigho*, 175 N.W. 141, 143 (Mich. 1919)). "[T]he absence of any one of [these elements] is fatal to a recovery." *Id.*

Again, Plaintiffs fail to meet the pleading requirements. Plaintiffs merely state the elements of this claim. They offer no facts that put Defendant on notice as the time, place, or contents of the alleged misrepresentations. Because Plaintiffs do not allege even the bare minimum required under Rule 9(b), this claim fails.

### B. Quiet title

Plaintiffs also attempt to survive a motion to dismiss on their quiet title claim. But despite their artful pleading, this claim is grounded in the fraud allegations above. Because a claim grounded, or sounding in fraud, must meet also satisfy Rule 9(b)'s pleading requirements and Plaintiffs have failed in that respect, this claim also fails.

Michigan law provides that "[a]ny person . . . who claims any right in, title to, equitable title to, interest in, or right to possession of land, may bring an action . . . against any other person who claims . . . [an inconsistent interest.]" Mich. Comp. Laws § 600.2932(1). Under

Michigan law, the plaintiff has the burden of proof in an action to quiet title and must make out a prima facie case of title. *Stinebaugh v. Bristol*, 347 N.W.2d 219, 221 (Mich. Ct. App. 1984). If the plaintiff makes out such a case, then the defendant has the burden or proving a superior right or title in itself. *Beulah Hoagland Appleton Qualified Pers. Residence Trust. v. Emmet County Rd. Comm'r*, 600 N.W.2d 698, 700 (Mich. Ct. App. 1999). To establish a prima facie case of title courts have found that plaintiffs that "describe[] the chain of title through which they claim ownership of the disputed [property]" or "provide[] . . . a copy of a mortgage" satisfy the prima facie elements. *Id.* at 700-01, *Johns v. Dover*, No. 291028, 2010 WL 2696656, at *1 (Mich. Ct. App. July 8, 2010).

Here, Plaintiffs recognize that Defendants have legal title to the property by means of the foreclosure sale and Sheriff's Deed. (Compl. 23.) Plaintiffs must therefore make out a prima facie case of equitable title to, an interest in, or a right to posses the property.

Plaintiffs have premised their quiet title claim on their fraud claims. They allege that Defendants "intentionally" precluded Plaintiffs from entering into the loan modification and that Defendants "knew or should have known" about Plaintiffs' attempts to modify their loan or "had actual or imputed knowledge" about Plaintiffs' attempts. (Compl. ¶ 19.) Despite various levels of knowledge, Plaintiffs allege, Defendants foreclosed the property without allowing Plaintiffs to modify their loans. (Compl. ¶ 22.)

Their allegations amount to an attack on the foreclosure sale. To set aside a foreclosure sale, Plaintiffs must establish "fraud, accident, or mistake." *Freeman v. Wozniak*, 617 N.W.2d 46, 49 (Mich. Ct. App. 2000). Plaintiffs have alleged that Defendants committed fraud, in one incarnation or another, leading up to the foreclosure proceeding. Although the type of fraud necessary to vitiate a foreclosure usually "relate[s] to the

foreclosure procedure or sale itself," Michigan law has recognized that "[t]he authorities seem to justify the conclusion that, where the owner has been induced to refrain from redeeming by fraudulent conduct and representations, equity will interpose and grant relief." *Ellison v. Wells Fargo Home Mortg., Inc.*, No. 09-14175, 2010 WL 3998091, at * (E.D. Mich. Oct. 12, 2010) (Murphy, J.) (citations omitted). But even if the Court were to entertain a fraud claim against an extra-foreclosure proceeding, Plaintiffs claims fail.

Since Plaintiffs quiet title claim is intertwined with their fraud claims, this claim must fail for failure to state a claim. Plaintiffs' bear the burden to make out a prima facie case of quiet title. If they are to do so by claiming that Defendants acted fraudulently, they must plead fraud; here, they have not plead fraud properly. *See Hennigan v. Gen. Elec. Co.*, 09-11912, 2010 WL 3905770, at * (E.D. Mich. Sept. 29, 2010) (Roberts, J.) (stating that "[i]n some cases, the plaintiff may allege a unified course of fraudulent conduct and rely entirely on that course of conduct as the basis of a claim. In that event, the claim is said to be 'grounded in fraud' or to 'sound in fraud,' and the pleading of that claim as a whole must satisfy the particularity requirement of Rule 9(b).") (citations omitted). Plaintiffs have offered mere conclusory allegations of a quiet title claim and have not even alleged the time, place, and contents of the alleged misrepresentations. This claim therefore fails.

### C. Unjust enrichment

Plaintiffs also assert an unjust enrichment claim. For Plaintiffs to succeed on their unjust enrichment claim, they must prove: "(1) receipt of a benefit by [Defendant] from [Plaintiffs] and (2) an inequity resulting to [Plaintiffs] because of the retention of the benefit by [Defendant]." *J&J Plumbing & Heating, LLC v. Tate*, Nos. 277824, 279838, 2008 WL 4891807, at *4 (Mich. Ct. App. Nov. 13, 2008) (citation omitted).

Plaintiffs allege, as in their other counts, that Defendants "intentionally designed to preclude" Plaintiffs from entering into a loan modification. (Compl. ¶ 24.) They also allege that Defendants "knew or should have known" or that Defendants had "actual or imputed knowledge" about Plaintiff's situation. (Comp. ¶¶ 26, 27.) Defendants "assured" Plaintiffs and their representatives that during the loan modification process, Defendants would reschedule the foreclosure sale so that Plaintiffs "would not lose their home." (Comp. ¶ 11.) This assurance, Plaintiffs claim, caused Defendants to be unjustly enriched in the amount of $25,000.00, plus the loss of the property. (Comp. ¶ 29.)

Here, just as in their quiet title claim, Plaintiffs' unjust enrichment claim is grounded in fraud and they therefore must meet the pleading requirements of Rule 9(b). Plaintiffs are arguing that Defendants defrauded them into thinking that Defendants would modify the loan. A result of that allegation, Plaintiffs state, is that Defendants were unjustly enriched. Since the claim is grounded in fraud, Plaintiffs must meet the pleading requirements.

They have failed to plead this claim with any particularity. They have merely stated that Defendants were unjustly enriched and have provided no supporting allegations. This claim therefore must fall with the others.

### D. Constructive trust

Plaintiffs have alleged a claim of "constructive trust." A constructive trust is a remedy, not a cause of action. That count therefore cannot survive. *See Gaymar Indus., Inc. v. Firstmerit Bank, N.A.*, 311 F. App'x 814 (6th Cir. 2009) (citation omitted) (holding "there is no stand-alone claim for constructive trust; instead it is a *remedy* that can only be imposed where there is some ground . . . upon which equity will grant relief."); *see also Fawaz v. Metro. Life Ins. Co.*, No. 09-14407, 2010 WL 3325220, at *2 (E.D. Mich. Aug. 20, 2010)

(Murphy, J.) (citation omitted) (holding "a constructive trust" "is not a substantive cause of action," "but rather [an] equitable remedy."); *see also Quick-Sav Food Stores, Ltd., v. Mattis (In re Mattis)*, No. 285414, 2010 WL 173601, at *5 (Mich. Ct. App. Jan. 19, 2010) (citation omitted) (holding "[a] constructive trust is not itself a cause of action, but rather an equitable remedy.").

### E. Breach of Michigan Compiled Law § 600.3205(c)/Breach of public policy for the State of Michigan

Plaintiffs allege that Defendants have violated Michigan law regarding loan modification proceedings. Plaintiffs specifically allege that Defendants violated Michigan Compiled Law § 600.3205c when they failed to modify Plaintiffs' loans. (Comp. ¶ 69.) In their response, Plaintiffs also argue that § 3205c requires the Defendants to "attempt in good faith to reach a [l]oan [m]odification agreement," and that Defendants generally failed to follow the § 3205c's requirements. (Pls.' Resp. at 10.)

The statute provides, in relevant part:

> (1) If a borrower has contacted a housing counselor under section 3205(b) but the process has not resulted in an agreement to modify the mortgage loan, the person designated under section 3205a(1)(c) shall work with the borrower to determine whether the borrower qualifies for a loan modification.

Mich. Comp. Laws § 600.3205c. The person referenced in the statute is person with the authority to make agreements, such as an agent of the mortgage holder or servicer. Mich. Comp. Laws § 600.3205a(1)(c).

Here, Plaintiffs' claim fails for the reasons stated above relating to a claim grounded in fraud. But Plaintiffs' claim also fails because they have not alleged any facts that would support a claim under this section. They have not stated that they contacted a housing counselor and gone through "the process." They also have not alleged that they met with

a person designated under § 3205a(1)(c) or that any determination was made regarding a loan modification. Without a determination regarding whether they qualified for a loan modification, Plaintiffs' set of facts does not trigger the statute and the rights to sue under it.

### F. Implied breach of contract/Promissory estoppel

In their response, Plaintiffs try to allege a breach of implied contract count and a promissory estoppel count. Plaintiffs fail to state a claim under either theory. They allege no facts that would support a breach of implied contract. For instance, they do not allege any facts that would support mutual assent and consideration. *See Brian J. Altman & Assoc., P.C. v. Foot and Ankle Health Centers, P.C.*, No. 08-10810, 2008 WL 4585123, at *5 (E.D. Mich. Oct. 14, 2008) (Cleland, J.) (citation omitted) (discussing the specific facts a party needed to allege for a breach of implied contract claim. The court held that it would deny a motion to dismiss a breach of implied contract claim when "[t]he pleadings adequately set forth facts which, if proven, establish a course of conduct . . . which according to the ordinary course of dealing and common understanding . . . show a mutual intention to contract."). Here, Plaintiffs allege no such facts in their response.

Regarding promissory estoppel, Plaintiffs merely recite the elements of promissory estoppel and leave it at that. (Pls.' Resp. at 6.) Without specific factual allegations, this Court will not entertain this supposed cause of action raised for the first time in Plaintiffs' response.

### Conclusion

For the above-stated reasons, the Court GRANTS Defendants' motion to dismiss.

        s/Nancy G. Edmunds
        Nancy G. Edmunds
        United States District Judge

Dated:  February 14, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 14, 2011, by electronic and/or ordinary mail.

        s/Carol A. Hemeyer
        Case Manager